IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARTRESS TANNER, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: 4:21-cv-1019 |
| WALGREEN CO. | § § | |
| *Defendant.* | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Walgreen Co. ("Walgreens") files this Notice of Removal of the underlying state court action under 28 U.S.C. §§ 1332 and 1441 and, in support thereof, respectfully shows the following:

### I.  INTRODUCTION

1.  Walgreens removes this state-law action brought by Plaintiff Lartress Tanner under 28 U.S.C. §§ 1332 and 1441 and based on diversity jurisdiction.  Walgreens and Tanner are citizens of different states, and Tanner seeks damages in excess of the $75,000 threshold required for the exercise of diversity jurisdiction.  Walgreens also files this Notice of Removal within thirty days of service of Tanner's Original Petition, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

### II.  FACTUAL BACKGROUND

2.  On June 19, 2020, Plaintiff Lartress Tanner filed his Original Petition against Walgreens in the 236th Judicial District Court in Tarrant County, Texas, styled *Lartress Tanner v. Walgreens Co.*; Cause No. 236-317541-20.  Ex. 1, Pl.'s Orig. Pet.  In his lawsuit, Tanner

asserts statutory claims for race and age discrimination and retaliation under Chapter 21 of the Texas Labor Code ("Chapter 21") and seeks a variety of damages, including general damages, special damages, punitive damages, attorneys' fees, expert fees, and costs. *Id.*, at 3–5.

3. Tanner served Walgreens with his Original Petition on August 3, 2021. *See* Ex. 2, Proof of Service.

4. Walgreens thereafter timely filed its General Denial and Defenses in Texas state court on August 27, 2021. *See* Ex. 3, Def.'s Gen. Denial & Defs.

5. Walgreens now timely files its Notice of Removal within 30 days of receiving service of process of Tanner's Original Petition in accordance with 28 U.S.C. § 1446(b)(1).

### III.   ARGUMENTS & AUTHORITIES

6. Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). As explained in detail below, both diversity jurisdiction requirements are satisfied in this case.

*A.   Walgreens and Tanner are Citizens of Different States.*

7. Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Walgreens is incorporated in the State of Illinois and its principal place of business is in Deerfield, IL. *See* Ex. 1, Pl.'s Orig. Pet. at ¶ 2 (alleging Walgreens has "its principal place of business in Deerfield, Illinois . . . ."). Therefore, Walgreens is not, and was not at the time this lawsuit was filed, a citizen of the State of Texas. Tanner, on the other hand, is a citizen of the State of Texas and has

resided there at all times material to this lawsuit. *See* Ex. 1, Pl.'s Orig. Pet. at ¶ 1 ("Plaintiff is an individual residing [in] Arlington, Texas."). In other words, Walgreens and Tanner are citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

B.    *Jurisdictional Amount-in-Controversy Satisfied.*

8.    The second requirement for diversity jurisdiction—that the amount-in-controversy exceed $75,000—is also met in this case. An amount-in-controversy satisfies the threshold for diversity jurisdiction if it is facially apparent from the petition the damages sought likely exceed $75,000, or if a defendant sets forth "the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (noting efficient procedure is to first consider face of the complaint before requiring any "summary judgment" proof on the amount-in-controversy). Without admitting that it engaged in any improper conduct, that Tanner's claims have any merit, or that Tanner is entitled to recover any relief from Walgreens, as requested in Tanner's Original Petition, Walgreens avers that the total amount-in-controversy exceed the sum of $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

9.    In this matter, the dispositive issue is whether it is facially apparent from Tanner's Original Petition that the amount-in-controversy exceeds $75,000. Walgreens asserts there is no question based on the allegations in the Original Petition that the amount-in-controversy in the Original Petition, including economic damages, compensatory damages, punitive damages, and attorneys' fees, exceeds $75,000.

10.    Tanner's Original Petition details the wide variety of relief he seeks under Chapter 21: "[A]ctual damages in the form of lost wages and benefits, both past and future . . . compensatory damages by reason of future pecuniary loss, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages . . . [and] punitive damages." Ex. 1, Pl.'s Orig. Pet. at ¶¶ 14-16, 22-24. Additionally, Chapter 21 expressly permits a successful plaintiff to recover economic damages, attorneys' fees, and up to $300,000 in compensatory and punitive damages. Tex. Lab. Code §§ 21.258, 21.2585(d)(4), 21.259.

12. Although Tanner has not specifically alleged an amount-in-controversy in his Original Petition, the amount-in-controversy with respect to Tanner's potential economic damages alone exceeds $75,000. Tanner claims economic damages "in the form of lost wages and benefits, both past and future" under Chapter 21. Ex. 1, Pl.'s Orig. Pet. at ¶¶ 14, 22. Tanner alleges that he "elected to retire" in his Original Petition, which was filed in Texas state court roughly 62 weeks before the date of this removal. *Id.* at ¶ 10. At the time of his alleged retirement, Mr. Tanner earned an annualized salary of $139,497.80 or $2,682.65 per week. If Tanner had worked from the time he filed his lawsuit in Texas state court to the time of this removal, the amount-in-controversy for his claim for potential lost wages would be $166,324.30 ($2,682.65 multiplied by 62 weeks). This is before accounting for the undisclosed number of weeks prior to Tanner filing his Original Petition that his alleged retirement occurred. This is before accounting for benefits or salary increases. This is before accounting for the number of weeks that Tanner could be unemployed by the time this matter is tried. It is clear that the amount-in-controversy for his claim of lost wages is well above the $75,000 threshold.

11. Coupled to his plea for economic damages, Tanner pleads for almost every other type of damage permitted under Chapter 21, e.g., compensatory damages in the past and future, punitive damages, and attorneys' fees. Ex. 1, Pl.'s Orig. Pet. at 4-6. Moreover, he specifically requests the jury award him the "judgment against Defendant for the relief stated above," which under Chapter 21 is up to $300,000. *Id.* at 5; Tex. Lab. Code § 21.2585(d)(4). These

4

allegations alone are sufficient to show Tanner seeks more than the jurisdictional threshold. *See, e.g., Allen*, 63 F.3d at 1335 (including punitive damages in determining whether amount-in-controversy requirement is satisfied); *Foret v. State Farm Bureau Life Ins.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorneys' fees included as part of amount-in-controversy if provided for by state statute); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 199-200 (E.D. Tex. 2000) (array of damages sought by Plaintiff – actual damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and costs – indicated jurisdictional minimum met); *Norvil v. DuPont Powder Coatings USA, Inc.*, No. H-10-409, 2010 WL 1609927, at *2 (S.D. Tex. Apr. 20, 2010) ("facially apparent" that amount-in-controversy requirement met where plaintiff sought lost past and future wages, compensatory damages, special and nominal fees, punitive damages, and attorneys' fees); *Lee v. Dollar Tree Stores, Inc.*, No. H-07-955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (plaintiff's "claims for lost wages, for front pay, for attorneys' fees, and for punitive damages, establish the likelihood that the total amount-in-controversy in the aggregate is in excess of $75,000."). In this regard, the amount-in-controversy requirement for purposes of diversity jurisdiction has been established.

**C.     *Removal is Procedurally Proper.***

12.     Venue is proper in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §1446(a), as Tanner's claims are pending in Tarrant County and Tarrant County is where a substantial part of the events giving rise to Tanner's claims allegedly occurred. *See generally* Ex. 1, Pl.'s Orig. Pet.

13.     Walgreens was served with a copy of Tanner's Original Petition on August 3, 2021. Ex. 2, Notice of Service. Walgreens now has timely filed this Notice of Removal within thirty days of service of that Original Petition, as required. 28 U.S.C. § 1446(b)(3).

14. Pursuant to 28 U.S.C. § 1446(a), Walgreens attaches to this Notice of Removal true and correct copies of Tanner's Original Petition (Ex. 1), the Citation served (Ex. 2), Walgreens's General Denial & Defenses (Ex. 3), and its Notice of Removal filed in state court (Ex. 4), which constitute all process, pleadings, and orders served and filed to date. A true and correct copy of the State Court Docket Sheet (Ex. 5) is also attached.

15. Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, Walgreens will serve written notice of its filing on Tanner and will file a Notice of Removal with the clerk of the 236th Judicial District Court, Tarrant County, Texas.

## II. CONCLUSION & PRAYER

For the foregoing reasons, Defendant Walgreen Co. asks the United States Court for the Northern District of Texas, Fort Worth Division, to assume jurisdiction over this action, as a whole, based upon on diversity jurisdiction and supplemental jurisdiction. Walgreen Co. additionally prays for all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Shannon B. Schmoyer*
Shannon B. Schmoyer
Texas Bar No. 17780250
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Telephone: (210) 447-8033
Facsimile: (210) 447-8036
sschmoyer@sr-llp.com

and

Harrison M. Smith
Texas Bar No. 24103938
SCHMOYER REINHARD LLP
702 Houston Street
Fort Worth, TX 76102
Phone: (210) 447-8033
Fax: (210) 447-8036

hsmith@sr-llp.com

**ATTORNEYS FOR DEFENDANT WALGREEN CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

Wendell E. Washington
Valdez Washington LLP
5000 Eldorado Parkway, Suite 150
Frisco, Texas 75034
Telephone: (972) 625-2728
Facsimile: (972) 499-1092
wwashington@vwlegal.com

**ATTORNEY FOR PLAINTIFF**

on this 1st day of September, 2021.

*/s/ Shannon B. Schmoyer*
Shannon B. Schmoyer