# EXHIBIT 1

FILED
TARRANT COUNTY
6/19/2020 8:32 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-317541-20

| | | |
|---|---|---|
| LARTRESS TANNER | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| WALGREENS CO., | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Lartress Tanner ("Tanner" or "Plaintiff"), files this Original Petition against Defendant, Walgreens Company ("Defendant" or "Walgreens") and for causes of action Plaintiff would show the Court as follows:

### I. PARTIES AND SERVICE

1. Plaintiff is an individual residing Arlington, Texas.

2. Walgreens Co. is a for-profit corporation with its principal place of business in Deerfield, Illinois, and may be served with process by serving its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218.

### II. VENUE AND JURISDICTION

3. The Court has jurisdiction over this matter as Plaintiff and Defendants are residents of Texas and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

4. Venue in this action is proper in Tarrant County, Texas, because Tarrant County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### III. FACTUAL BACKGROUND

5.  Mr. Tanner is a sixty-five (65) year old African-American male.

6.  At the time of his separation, Defendant employed Mr. Tanner as a Pharmacy Manager at one of its stores located in Fort Worth Texas. In this position, Mr. Tanner reported to District Manager, Linda Sadler.

7.  As a Pharmacy Manager, Mr. Tanner was responsible for overseeing the day-to-day operations of his store's pharmacy department. To that end, he managed employees, ensured the pharmacy was properly stocked, and performed all job duties within the pharmacy department when the department was understaffed. Mr. Tanner was uniquely qualified for this position as he was employed by Walgreens for over twenty-years and was aware of the job requirements for each position.

8.  As a manager, employees began reporting instance of what they deemed racial discrimination against African-American employees within Walgreen's pharmacy department to Mr. Tanner. Mr. Tanner could relate to these instances of discrimination because he too had endured such discrimination. Specifically, Mr. Tanner experienced discrimination in that he was held to hire standards than his non-African American coworkers. Because Mr. Tanner was held to different standards than his similarly-situated peers, Defendant was able to provide lower performance evaluations to him and, thus, compensate him disparately.

9.  When Mr. Tanner received these complaints, he took them seriously and reported those complaints, along with the treatment he had endured during his employment with Defendant to Defendant's employee relations department. Although Mr. Tanner trusted that his and the complaints of his team members would be taken seriously and resolved, Defendant, instead, simply became more aggressive with its disparate treatment

of Mr. Tanner and other African-American employees within the Pharmacy Department. Rather than address the concerns of Mr. Tanner and other African-American employees, Defendant created a racially hostile work environment.

10. Rather than address Mr. Tanner's complaints, Defendant placed him on a performance improvement plan. In so doing, Walgreens failed to give Mr. Tanner the resources necessary to complete the performance improvement plan successfully. Because of the circumstances of his employment and Defendants failure to remedy the consistent and systemic discrimination with the company, Mr. Tanner elected to retire rather than endure further discrimination.

11. When he retired, however, Defendant advised Mr. Tanner that he would be eligible for rehire on a part-time basis at a different location. Because he was not ready to retire, this was an option Mr. Tanner found appealing; however, despite many openings within the company, Walgreens has failed to rehire Mr. Tanner for any position on a part-time basis despite his qualifications to fill any position within the pharmacy department. Rather than rehire Mr. Tanner for these positions, Defendant has consistently hired younger, non-African-American employees.

## IV. STATEMENT OF CLAIMS

A. Race and Age Origin Discrimination

12. Tanner repeats and realleges each of the allegations contained in Paragraphs 1 through 1 above and incorporates them herein by reference.

13. Defendant intentionally discriminated against Tanner on the basis of his race and age in violation of Tex. Lab. Code §21.051 by subjecting him to the unlawful discriminatory actions described above.

14. As a result of the above-referenced unlawful discriminatory actions, Tanner has suffered and will continue to suffer actual damages in the form of lost wages and benefits, both past and future, for which he hereby sues.

15. As a further result of Defendant's unlawful discriminatory actions, Tanner has suffered compensatory damages by reason of future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages for which he hereby sues.

16. At all times relevant to this action, Defendant acted with malice or reckless indifference to Tanner's protected rights; thus entitling him to punitive damages.

17. To redress the injuries sustained by Tanner on account of Defendant's actions, Tanner has retained the undersigned counsel to represent him in this action. Tanner therefore seeks recovery of his reasonable attorney's fees, expert fees, and costs.

18. Tanner hereby demands a jury trial on all his claims of race and age discrimination against Defendant.

**B.   Retaliation Claim**

19. Tanner repeats and realleges each of the allegations contained in Paragraphs 1 through 18 above and incorporates them herein by reference.

20. Defendant intentionally retaliated against Tanner in violation of TEX. LAB. CODE §21.055 by placing him on a performance improvement plan and by refusing to hire him on a part-time basis for positions for which he was qualified.

21. Defendant did not investigate Mr. Tanner's complaint. To the contrary, Defendant forced Mr. Tanner into retirement for raising these complaints.

22. As a result of Defendant's unlawful discriminatory actions as described above, Tanner has suffered and will continue to suffer actual damages in the form of lost wages and benefits, both past and future, for which he hereby sues.

23. As a further result of Defendant's unlawful discriminatory actions, Tanner has suffered compensatory damages by reason of future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages for which he hereby sues.

24. At all times relevant to this action, Defendant acted with malice or reckless indifference to Tanner's protected rights; thus entitling him to punitive damages.

25. To redress the injuries sustained by Tanner on account of Defendant's actions, Tanner has retained the undersigned counsel to represent her in this action. Tanner therefore seeks recovery of his reasonable attorney's fees, expert fees, and costs.

26. Tanner hereby demands a jury trial on all her retaliation claims against Defendant.

## V. JURY DEMAND

27. Mr. Tanner hereby demands a jury trial on all issues, claims, actions, and defenses in this case.

## VI. PRAYER

WHEREFORE, Tanner requests that Defendant be cited to appear and answer, and that on final trial, judgment be granted against Defendant awarding Tanner the following:

    a. judgment against Defendant for the relief stated above;

    b. Pre-judgment and post-judgment interest in the maximum amount allowed by law;

    c. Attorney's fees, expert fees, and cost of suit; and

d.  Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

VALDEZ | WASHINGTON LLP

*Wendell E. Washington*
Wendell E. Washington
Texas Bar No. 24044165
wwashington@vwlegal.com

5000 Eldorado Parkway, Suite 150
Frisco, Texas 75034
Telephone:  (972) 625-2728
Telecopier: (972) 499-1092

**ATTORNEYS FOR PLAINTIFF**

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**CITATION**                          *Cause No. 236-317541-20*

LARTRESS TANNER
VS.
WALGREENS CO.

TO: WALGREENS CO

B/S REG AGT-PRENTICE HALL CORPORATION SYSTEM 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

LARTRESS TANNER

Filed in said Court on June 19th, 2020 Against
WALGREENS CO

For suit, said suit being numbered 236-317541-20 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

WENDELL E WASHINGTON
Attorney for LARTRESS TANNER Phone No. (972)625-2728
Address    5000 ELDORADO PKWY STE 150 FRISCO, TX 75033

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 26th day of July, 2021.

By _____
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 07/26/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM, on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN   *23631754120000011*

Received this Citation on the __3__ day of __August__, __2021__ at __10:25__ o'clock __A__ M; and executed at __214 East 7th Street, Suite 620__ within the county of __Travis__, State of __Texas__ at __11:54__ o'clock __A__ M on the __3__ day of __August__, __2021__ by delivering to the within named (Def.): __Walgreens Co. By Delivery to__ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery. __its Registered Agent, Prentice Hall Corporation System, By Delivery to Samantha Guerra__

Authorized Person/~~Constable/Sheriff~~: _____
County of _____ State of _____ By __Kevin Bradford__ Deputy
Fees $ _____                         __PSC 214 (Exp. 07/31/22)__
State of _____ County of _____                (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                                    County of _____, State of _____

Cause No. 236-317541-20

LARTRESS TANNER

VS.

WALGREENS CO.



ISSUED

This 26th day of July, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By     NATALIE THIGPEN Deputy

---

WENDELL E WASHINGTON
Attorney for: LARTRESS TANNER
Phone No. (972)625-2728
ADDRESS: 5000 ELDORADO PKWY STE 150

FRISCO, TX 75033

*CIVIL LAW*


*23631754120000011*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**